UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-232-FDW
(3:09-cr-39-FDW-1)

| | |
|---|---|
| JASON CAMPBELL, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration filed November 26, 2012. (Doc. No. 4).

On September 24, 2012, the Court entered an Order denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 2). Now, two months later Petitioner seeks reconsideration of that ruling, or in the alternative, he asks that his motion be treated as a notice of appeal. While Petitioner does not alert the Court to the rule law under which he is proceeding with his motion for reconsideration, the Court finds that Petitioner may be proceeding pursuant to Fed. R. Civ. P. 60(b).[1]

Rule 60(b) provides as follows:

b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] As noted, the Court entered an Order denying relief on his Section 2255 motion on September 24, 2012, and the Clerk entered Judgment and mailed copies of the Order and Judgment on September 24. Petitioner did not file his motion for reconsideration until sometime in mid to late November. A motion under Rule 59 "to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

1

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, Petitioner merely reargues the contentions pressed in his Section 2255 motion. The Court finds no reason to reexamine its ruling on Petitioner's claims as set forth in his Section 2255 motion. Petitioner's motion for reconsideration will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**. (Doc. No. 4).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket Petitioner's Motion for Reconsideration as a Notice of Appeal from the Court's Order Denying Relief in his Section 2255 proceeding. (Doc. No. 4).

The Clerk of Court is DIRECTED to send a copy of this Order to the United States Attorney.

**SO ORDERED**.

Signed: November 27, 2012

Frank D. Whitney
United States District Judge